IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DOUGLAS ALAN BURDEN | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv273 |
| TOM MANESS, ET AL. | § | |

MEMORANDUM OPINION

Plaintiff Douglas Alan Burden, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several defendants.

Factual Allegations

Petitioner was previously convicted of aggravated assault in the 252nd District Court of Jefferson County, Texas. *See Burden v. State*, 2003 WL 21831899 (Tex.App.–Beaumont 2003). Petitioner subsequently attempted to utilize Texas statutory provisions to have certain evidence tested for DNA. He wanted to have the blood on the end of the knife that was allegedly used in the assault tested. His requests were denied. Petitioner states he is not asserting that the state courts erred in denying his request. Instead, he asserts that the statutory provisions relating to DNA testing are, as construed by the Texas courts, themselves unconstitutional.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as is does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

<u>Analysis</u>

The Due Process Clause of the Fourteenth Amendment does not create a freestanding right to have evidence tested for DNA. "There is no substantive due process right to postconviction DNA testing." *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 72 (2009). However, state law may create a procedural due process right to such testing.

Chapter 64 of the Texas Code of Criminal Procedure is the vehicle which the State of Texas has created to allow a convicted defendant to move for and obtain post-conviction testing of DNA evidence. Texas has therefore created a procedural due process right to DNA testing. Once such a right has been created, the procedures created by the statutory scheme must be adequate to protect a prisoner's substantive right. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011); *Osborne*, 557 U.S. at 68. As a result, in order for procedures created to be unconstitutional, it would have to be determined that the procedures were inadequate to protect plaintiff's right to seek post-conviction DNA testing. *Skinner*, 131 S.Ct. at 1293.

Chapter 64 creates the procedures a state court must use when considering a request for post-conviction DNA testing. Article 64.03(a) of the Texas Code of Criminal Procedure states that:

(a) A convicting court may order forensic DNA testing under this chapter only if;

(1) the court finds that:

(A) the evidence

> (i) still exists and is in a condition making DNA testing possible; and
>
> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in any material respect; and
>
> (B) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>
> (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
>
> (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Article 64.04 provides that: "[a]fter examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted."

While plaintiff asserts that the provisions of Article 64.03 as construed by the Texas courts are unconstitutional, he does not identify the alleged constitutional defect. While plaintiff contends that the interpretation of Article 64.03 has led to an incorrect ruling in his case, he has not demonstrated that the procedures established by Article 64.03 are, in themselves, inadequate to protect a defendant's right to post-conviction DNA testing. In its review of the statutory provisions, the court has not discovered any failure of the state's procedures that "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or that "transgress[es] any recognized principle of fundamental fairness in operation." *See Osborne*, 129 S.Ct. at 2316.

Further, plaintiff has not identified any specific provision of the Texas statute which he contends is inadequate to protect his state-created right to seek post-conviction DNA testing. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 460 (1990). Plaintiff states he sought DNA testing. Pursuant to the statutory process his request was evaluated by the state court and denied. Plaintiff has presented nothing that would permit the conclusion that his procedural due

process rights have been violated by the process available under Article 64–either as written or as construed and applied to his case. All plaintiff has shown is that his state court motion was denied. That is not enough. As a result, plaintiff has failed to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed for failure to state a claim upon which relief may be granted. An appropriate final judgment shall be entered.

**SIGNED** this the **17** day of **September, 2014.**

_____
Thad Heartfield
United States District Judge